UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X    1:22-cv-04304-MKV
ICON INTERNATIONAL, INC,

                              Plaintiff,                                                  **DECLARATION OF**
    -against-                                                                      **RAN MUKHERJEE**

ELEVATION HEALTH, LLC,

                              Defendant.
----------------------------------------------------------------X
ELEVATION HEALTH, LLC,

                              Counterclaim Plaintiff,

    -against-

ICON INTERNATIONAL, INC.,

                              Counterclaim Defendant,
------------------------------------------------------------------X
ELEVATION HEALTH, LLC,

                              Third-Party Plaintiff,

    -against-

GYPSET, INC., DAYNA ZEGARELLI, JOE
DAVIS, CLARENCE V. LEE III, MARIO
GONZALES, and KHALID ITUM,

                              Third-Party Defendants.
-------------------------------------------------------------------X

    Ran Mukherjee, an attorney duly licensed to practice law in the State of New York, declares and affirms under penalty of perjury as follows:

    1.    I am counsel of record for Elevation Health, LLC, the Defendant and Counterclaim/Third-Party Plaintiff in this lawsuit, and as such I am familiar with the facts

1

related herein, and I make this affirmation of my own personal knowledge and based on the review of the file maintained in my law office.

2. **Exhibit A** is a true and correct copy of Icon's interrogatory responses dated October 24, 2022.

3. **Exhibit B** is a true and correct copy of Icon's document request responses dated October 24, 2022.

4. **Exhibit C** is a true and correct copy of Elevation's interrogatories served on Icon and the Third-Party Defendants on February 21, 2023.

5. **Exhibit D** is a true and correct copy of Elevation's document requests served on Icon and the Third-Party Defendants on February 21, 2023.

6. **Exhibit E** is a true and correct copy of Icon's interrogatory responses bearing the date October 19, 2023, but not served until after I filed another letter with the Court on October 26, 2023.

7. **Exhibit F** is a true and correct copy of Icon's document request responses bearing the date October 19, 2023, but not served until after I filed another letter with the Court on October 26, 2023.

8. **Exhibit G** is a true and correct copy of several emails reflecting Elevation's cancellation of the contract and request for refund, none of which emails Plaintiff produced.

9. **Exhibit H** is a true and correct copy of the transcript of the deposition of Clarence V. Lee III, taken in this matter on November 16, 2023.

10. **Exhibit I** is a true and correct copy of the email Brian McKenna, Plaintiff's counsel, sent to me in the middle of Mr. Lee's deposition, along with the

attachments to that email showing that Icon did not become an authorized distributor of iHealth Test Kits until February 1, 2022.

11. **Exhibit J** is a true and correct copy of the Notice of 30(b)(6) deposition that Elevation served on Icon following the December 2023 conference before this Court.

12. **Exhibit K** is a true and correct copy of the transcript of the deposition of Ryan Crosby, taken in this matter on February 29, 2024.

13. **Exhibit L** is a true and correct copy of an iHealth Announcement, printed on November 3, 2022, that no longer includes Icon as an authorized distributor.

14. **Exhibit M** is a true and correct copy of an email forwarded by Karla Palmer, counsel for Elevation, to Evan Phelps, litigation expert witness for Elevation, of a communication between Ms. Palmer and Mingwei Guan, corporate counsel at iHealth, in which Ms. Guan states that Icon had its authorized distributor status revoked on suspicion of selling fake or counterfeit tests.

15. **Exhibit N** is a true and correct copy of WhatsApp messages dated January 24, 2022, between Elevation principal J. Goldsmith, Third-Party Defendant J. Davis of Gypset, and Third-Party Defendant K. Itum, a broker, in which Elevation demands a refund and notes a bill of lading still has not been provided.

16. **Exhibit O** is an email dated January 24, 2022, about one hour after the above-referenced message, from Icon employee Greg Caglione, purporting to provide a bill of lading shipping iHealth Test Kits to Elevation. There is no evidence that shipment was ever made. There is no dispute that Elevation never received that shipment.

17. If the Court sees fit to grant Elevation's request for attorney's fees incurred due to Plaintiff's discovery misconduct, I respectfully request either an inquest

or an opportunity to collect all the time entries spent as a result of such misconduct (not counting the time spent on ordinary discovery). At a quick review, the amount is greater than $20,000 over the past year, including multiple discovery deficiency letters, meet-and-confer sessions, letters to the Court, pre-motion letters, one court conference specifically scheduled to address discovery disputes, the 30(b)(6) deposition which served the purpose of establishing Plaintiff's discovery misconduct, and finally the instant motion.

    I declare and affirm that all of the foregoing is true and accurate.

Dated: Brooklyn, New York
       March 13, 2024

_____
Ran Mukherjee, Esq. (RM8436)
*Counsel for Plaintiff Elevation Health, LLC*

Dated: April 28, 2023
       Brooklyn, New York

                                         Yours, etc.,

                                         _____
                                         Ran Mukherjee, Esq. (RM8436)
                                         RAN MUKHERJEE, P.C.
                                         *Counsel for Elevation Health, LLC*
                                         240 Kent Avenue, Suite B-13
                                         Brooklyn, NY 11249
                                         (646) 998-4240 direct dial
                                         (917) 591-4999 fax
                                         rm@rmlawny.com